Hearing Date: February 20, 2008 at 11:30am
Objection Date: February 15, 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

In re Yasmin Grant,           Chapter 13
                            Case No. 1-06-45017-cec
        Debtor.

------------------------------X

### MOTION FOR DAMAGES, SANCTIONS AND LEGAL FEES FOR VIOLATION OF 11 U.S.C. §362 et seq.

PLEASE TAKE NOTICE that upon the annexed application (the "Application") of Jay S. Fleischman, attorney for Debtor YASMIN GRANT (the "Debtor"), the undersigned will move before the Honorable Carla E. Craig, United States Bankruptcy Court, Eastern District of New York, on February 20, 2008 at 11:30am., at the Bankruptcy Courthouse, Room 3529, located at 271 Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard for an order awarding actual damages and attorney's fees, from Verizon New York, Inc. ("Verizon") for psychological and financial injury to the debtors in violation of 11 U.S.C. §362 et seq.


PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be filed with the Clerk of the Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, with a courtesy copy to (1) the chambers of the Honorable Carla E. Craig, (2) Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004, and (3) Jay S. Fleischman, attorney for debtor, 315 Flatbush Ave # 401, Brooklyn, NY 11217, on or before February 15, 2008.  If any objections are

filed, a hearing on said objections will be heard by Bankruptcy Judge Carla E. Craig at the Courthouse at 271 Cadman Plaza East, Courtroom 3529, Brooklyn, New York on February 20, 2008 at 11:30am.

Dated:      Brooklyn, NY
            January 4, 2008

                                  FLEISCHMAN CONSUMER LAW CENTER


                                       /s/ Jay S. Fleischman
                                  _____
                                  Jay S. Fleischman, Esq. (JF5433)
                                  315 Flatbush Ave # 401
                                  Brooklyn, NY 11217
                                  646.722.8649 x704
                                  jay@fclcny.com (not for service)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X

In re Yasmin Grant,                    Chapter 13
                                       Case No. 1-06-45017-cec

            Debtor.

-----------------------------X


**COMBINED AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION FOR DAMANGES AND
LEGAL FEES FOR VIOLATION OF 11 U.S.C. §362 et seq.
AND MEMORANDUM OF LAW**

Jay S. Fleischman, Esq., affirming under penalties of perjury, states
as follows:

1.    I am the attorney of record for the debtor in the aforementioned

matter.  As such I am fully aware of the facts and circumstances

stated herein.

2.    The debtor seeks an Order and Judgment from this Honorable Court

awarding actual damages and attorney's fees, from Verizon New York,

Inc. ("Verizon") for psychological and financial injury to the debtors

in violation of 11 U.S.C. §362 et seq.

**3.**    The award requested herein is also meant to compensate the debtor

for interference with the United States Bankruptcy Code "fresh start"

and "breathing room" concepts under the Code, and for interfering with

the orderly relations among and between creditors and debtors as

intended by the United States Bankruptcy Code in violation of 11

U.S.C. § 362 et seq.

## Factual Statements

4.    This Chapter 13 case was commenced on December 21, 2006 seeking

among other things the protection afforded a debtor pursuant to the

automatic stay contained in 11 U.S.C. §362.

5.    Verizon ("the Creditor") was listed as a creditor in the case and received notice from the court of the commencement of the case. A copy of the Clerk's Certificate of Service is included as part of Exhibit A.

6.    The Creditor received a copy of the Summary of Plan from the court.  A copy of the Clerk's Certificate of Services in annexed hereto as Exhibit B.

7.    The debtor's Second Amended Chapter 13 Plan was confirmed by Order of this Court signed on March 12, 2007.

8.    Despite the fact that Verizon had actual knowledge of Yasmin Grant's bankruptcy and had received repeated notices from this Court of said case, on or about November 13, 2007 the Creditor sent Ms. Grant a written demand for payment of a pre-petition debt listed on Schedule F of her bankruptcy case, a copy of which is annexed hereto as Exhibit C

<u>Violation of Automatic Stay By Verizon New York, Inc.</u>

9.    Verizon, upon Ms. Grant's filing of a Bankruptcy petition owe a duty not to violate the protections created pursuant to 11 U.S.C. §362 et seq.

10.    Verizon upon receipt of the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines" owe a higher duty to respect the Yasmin Grant protections created pursuant to 11 U.S.C. §362 et seq., especially in light of the admonition that "Creditors May Not Take Certain Actions" and the statement printed on the "Notice" that, "the filing of the bankruptcy case automatically stays certain collection and other actions against the debtors and the debtors'

property. *(Emphasis Added)*  If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be
penalized."

11.   That despite notice of the Bankruptcy filing Verizon continued to
pursue collection activity after the filing of the Petition.

12.   That the actions and specific acts of Verizon agent against
Yasmin Grant subsequent to filing of the Bankruptcy Petition and
"Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors &
Deadlines" delivered to a known address of the creditor, constitutes a
breach of the duty imposed on creditors by 11 U.S.C. §362 et seq.

13.   That the actions and specific acts of Verizon in having continued
their collection activity against Yasmin Grant subsequent to filing of
the Bankruptcy Petition and "Notice of Chapter 13 Bankruptcy Case,
Meeting of Creditors & Deadlines" delivered to a known address of the
creditor, constitutes a breach of the duty imposed on creditors by the
United States Bankruptcy Code to honor the intent of the debtors in
garnering a "fresh start" and to do so in an "orderly" fashion as to
creditors.

<u>Damage To The Debtor</u>

14.   That the actions and/or acts of Verizonis the direct cause of the
psychological stress, fear and anxiety experienced by Yasmin Grant
despite assurances from her counsel that the 11 U.S.C. §362 protects
debtors from the ongoing contacts of creditors determined to collect
on debts allegedly owing.

15.   That having received numerous notices of the filing of the within
Chapter 13 bankruptcy case from this Court, as well as by virtue of

the systems in place by Verizon, Verizon had and has specific knowledge of affirmative duties contained in the notice and any action subsequent to that notice in violation of those duties is a violation of the Code.  In addition, all actual damages stemming from Verizon's acts and/or actions are also attributable Verizon.

16.   That the continued collection proceedings against Yasmin Grant after having filed Bankruptcy does injury to her as the contact interferes with her psychological well being in that such continued contact after the filing of a bankruptcy case is perceived as antagonistic and causes stress, depriving her of the "respite" and "breathing room" benefits of the filing.  Verizon's actions have caused Yasmin Grant to question whether her telephone service, a necessary utility, is in jeopardy of being terminated in spite of the fact that she is in Chapter 13 bankruptcy.

17.   That continued attempts by the creditor to collect monies from Yasmin Grant after filing injures her by interfering with the orderly administration of the Bankruptcy case and has injured her in that she must now engage in additional time-consuming motion practice in order to resolve this matter.

18.   That continued contact from the creditor and/or creditors agent after filing Bankruptcy injures the Yasmin Grant in violation of 11 U.S.C. §362 protections as Yasmin Grant must consult with her attorney during working hours to provide proof of improper contact to bring a motion to assert protection afforded by the Code, thus costing Yasmin Grant income and still further stress.

19.    That continued contact from the creditor and/or creditors agent after filing Bankruptcy Yasmin Grant as it calls into question the working relationship between her and her counsel as the legal advice provided appears incorrect and has failed to implement the protections of the Code, as the creditor and/or creditors agent continues with apparent impunity to contact Yasmin Grant despite assurances from counsel that such activity is improper and subject to sanctions.

20.    That continued contact Verizon challenges this Honorable Court's authority to issue orders and oversee the orderly administration of the Estate or Plan.

21.    That continued contact from Verizon after the filing of the within bankruptcy, and subsequent to the meeting of creditors as well as to the Hearing on Confirmation of Yasmin Grant's Chapter 13 Plan, injures Yasmin Grant even more egregiously as the creditor is acting with impunity toward the orderly bankruptcy process intended by the United States Bankruptcy Code.

### MEMORANDUM OF LAW SUPPORTING AN AWARD
### OF DAMAGES AND ATTORNEYS FEE'S

a.    *An Award Of Damages For Violations of the Automatic Stay Is Appropriate*

22.    "Section 362(a) of the Bankruptcy Code provides an automatic stay of litigation, lien enforcement and other actions that are attempts to collect pre-petition debts.  Section 362(a)(6) of the Bankruptcy Code expressly stays any actions to collection, assess or recover a pre-petition debt from a debtor."  *In re Lukach,* 2007 WL 1365436 *4-5 (Bankr.E.D.N.Y. 2007).

23.   "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963,6296-97; see also S. Rep. No. 95-989, at 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41.

24.   "The stay is the first part of bankruptcy relief, for it gives the debtor a respite from the forces that led him to bankruptcy. The automatic stay at the commencement of the case takes the pressure off the debtor." H.R. Rep. No. 95-595, at 125-26, reprinted in 1978 U.S.C.C.A.N. 5963, 6086-87.

25.   "Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding their bankruptcy." H. Rep. No. 95-595, 95th Cong., 1st Sess. (1977) 340-3; S. Rep. No. 95-989, 95th Cong., 2nd Sess. (1978) 49-51, reprinted in U.S. Code Congo & Admin. News 1978, p. 5836.

26.   When Congress enacted Section 362(h), now Section 362(k), it sought to enforce the automatic stay rights that it gave to debtors in Section 362(a) *In re Prairie Trunk Railway*, 112 B.R. 924, 930; 1990 Bankr. LEXIS 676; 22 Collier Bankr. Cas. (MB) 1509; 22 Collier Bankr. Cas. 2d (MB) 1509; (Bankr. N.D. Ill. 1990). Congress, by adding Section 362(h) to the Code, was providing debtors with a way to

enforce their rights, as well as the rights of other debtors, even where there is little, if any, actual damages.

27. Section 362(k), is a "fee shifting statute", *In re Roche*, 2006 Bankr. LEXIS 2325, at*20 (Bankr. N.D. Ga. 2006), which seeks not to just compensate for actual damages but to protect the automatic stay rights of all debtors and enforce the policies established by Congress.

28. When Congress added Section 342(g) to the Code, as part of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, it reiterated what the case law had previously held, i.e., that an award under Section 362(k) is not just compensation, but a "monetary penalty." 11 U.S.C. 342(g)(2). As such, it is a punishment imposed for a violation of the automatic stay.

29. In New York, an award under Section 362(k) is a "sanction." *In re Crysen/Montenay*, 902 F.2d 1098,1104; 1990 U.S. App. LEXIS 7787;11 U.C.C. Rep. Servo 2d (Callaghan) 881; Bankr. L. Rep. (CCH) P73,394, (2d. Cir. 1990). Thus, Section 362(k) is an enforcement statute, imposing sanctions to ensure obedience to the automatic stay.

30. Upon the filing of bankruptcy, a creditor has an obligation to take the appropriate action to discontinue its collection efforts against a debtor. *In re Wright*, 328 B.R. 660, 663 (Bankr.E.D.N.Y. 2005)(*citing Sucre v. MIC Leasing Corp. (In re Sucre),* 226 B.R. 340, 347 (Bankr.S.D.N.Y. 1998).

31. Since the purpose of sanctions is to enforce §362(a), it is not a defense that a violation was inadvertent. "Courts, however, have interpreted the above section broadly. *See In re Inslaw, Inc.*, 76 B.R.

224, 240 (Bankr. D. Dist. Col. 1987) (monetary sanctions may be imposed even for an "inadvertent violation" of the automatic stay) *accord: In re Eisenberg*, 7 B.R. 683, 686 (Bankr. S.D.N.Y. 1980)." *In re Heafitz*, 85 B.R. 274, 281; 1988 Bankr. LEXIS 616 (Bankr. S.D.N.Y. 1998); *See also, Shimer V. Fugazy (In re Fugazy Express)*, 124 B.R. 426, 430; 1991 U.S. Dist. LEXIS 2725; 69 Rad. Reg. 2d (P & F) 312 (S.D.N.Y. 1991).

32.   "Due to the importance of the automatic stay to adequate debtor relief in bankruptcy, courts should encourage the enforcement of the stay and punish violations thereof." *In re Conti*, 42 B.R. 122, 127; 1984 Bankr. LEXIS 5346; 12 Bankr. Ct. Dec. 87; 84-2 U.S. Tax Cas. (CCH) P9757 (Bankr. E.D. Va. 1984).

33.   Any deliberate act taken by a creditor that violates the automatic stay may be subject to an award of actual damages. There is no requirement that the creditor acted maliciously or in bad faith. *In re Robinson,* 228 B.R. 75,at 80- 81 (Bankr.E.D.N.Y. 1995) (*citing Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.*), 902 F.2d 1098, 1105 (2d Cir.1990)).

34.   Where there is a willful violation of the automatic stay under Bankruptcy Code § 362 (11 U.S.C. § 362) and there is no medical evidence of physical harm, actual damages for emotional distress may be granted where: other corroborating evidence is presented, or the circumstances of the stay violation are so egregious that they obviously merit emotional distress damages. *In re Williams*, Case No. 03-64481, slip op. at 3 (Bankr. N.D.N.Y. 2004), *citing In re Ficarra*, Case No. 00-621314, slip op. at 14 (Bankr. N.D.N.Y. April 113, 2000).

In both *Williams* and *Gonyea*, Case No. 913-61219, slip op. (Bankr. N.D.N.Y. 2004) actual damages of $10,000 and $20,000 were respectively awarded for emotional damages without any proof of physical harm because the creditors in those cases simply chose to ignore the automatic stay provisions. These sanctions were awarded with an express finding that there was no maliciousness or bad faith on the part of the creditors in violating the automatic stay provisions. (*In re Williams* at 3, *In re Gonyea* at 4.)  What these cases show is that creditors who willfully violate the automatic stay provision will be dealt with harshly in order to protect the right of a debtor to be free from harassment.

35.   Non-experts, such as family members, friends, or coworkers, may testify to manifestations of mental anguish and clearly establish that significant emotional harm occurred.  *See, e.g., Varela v. Ocasio* (In re Ocasio), 272 B.R. 815 (B.A.P. 1st Cir., 2002) (per curiam) where emotional distress damages where awarded where the testimony of the debtors wife established that the debtor suffered from headaches, did not feel well for a week after the alleged violation, and went to the Doctors Office complaining of "nerves", was sufficient to support an award of damages without any supporting medical testimony.  *See also In re Dawson*, 390 F.3d 1139 (9th Cir., 2004) (where that Court found, reversing the prior law applicable to that Circuit, that damages could arise as a result of emotional distress damages alone under 362).

36.   In assessing damages, the Court may award attorneys' fees pursuant to former § 362(h) of the Bankruptcy Code even if that is the only harm suffered by the Debtor. *In re Robinson,* 228 B.R. at 85

(citing *In re Sumpter,* 171 B.R. 835, 845 (Bankr.N.D.Ill.1994) and *Bank of Boston v. Baker (In re Baker* ), 140 B.R. 88, 90 (D.Vt.1992)).

37.   Upon information and belief, the Debtor has suffered actual damages in the form of emotional distress. The Creditor denied the Debtor the right to be free of creditor collection pressure guaranteed by the Bankruptcy Code.

38.   "[E]motional damages qualify as "actual damages" under § 362(h). *See Holden v.IRS (In re Holden)*, 226 B.R. 809, 812 (Bankr. D. Vt. 1998)("Emotional distress is an actual injury .... Legitimate human emotions are brought to bear when one's rights are trampled on.") *Kaneb V. Fleet Mortgage Group, Inc. (In re Kaneb)*, 196 F.3d 265,269; 1999 U.S. App. LEXIS 29339;Bankr. L. Rep. (CCH) P78,044; 35 Bankr. Ct. Dec. 45 (lst Cir. 1990).

39.   Damages for emotional distress can be awarded even in the absence of any pecuniary loss. *In re Ficarra*, Case No. 00-62714 slip op. at p 9 (Bankr. N.D.N.Y. April 17, 2002).

40.   Damages for emotional distress can be awarded even in the absence of expert medical evidence. *In In re Hafele*, Case No. 99-63036 slip op. at p 11 (Bankr. N.D.N.Y. August 19,2002).

41.   By reason of the foregoing violation, the Court should impose sanctions and monetary penalties on the Creditor in the form of recovery of actual damages from Verizon New York, Inc.

42.   The starting point in determining a reasonable attorney's fee is to multiply the hours spent on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). In adjusting this figure (the "lodestar" figure) "the Court may consider

the twelve factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 1314 (5th Cir. 1989), which include: (1) the time and labor involved; (2) the novelty and difficulty of the matter; (3) the skill required to perform legal services properly; (4) the inability to accept other employment due to involvement in the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation and skill of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship; and (12) awards in similar cases." In re Bennett Funding Group, Inc., Case No. 96-613136, slip op. at 8 (Bankr. N.D.N.Y. April 8, 1993), see also *Johnson*, 488 F.2d at 13113-1319; see also *Cruz v. Local Union No. 3 of Intern. Bhd. Of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (affirming use of Johnson factors to evaluate fee applications).

### b.    *An Award Of Attorney's Fees To Counsel For Debtor Is Proper*

43.    "[S]ection 362(h) authorizes damages in the form of attorneys fees incurred by a debtor asserting its automatic stay rights ... even if there are no damages apart from attorneys' fees." *In re Chateaugay Corp.,* 112 B.R. 526, 534; 1990 U.S. Dist. LEXIS 3014 (S.D.N.Y. 1990), *rev'd on other grounds* 961 F. 2d 378; 1992 U.S. App. LEXIS 6856; Bankr. L. Rep. (CCH) P74,550; 26 Collier Bankr. Cas. 2d (MB) 1174 (2d.Cir. 1992); *See also, In re Price*, 103 B.R. 989; 1989 Bankr. LEXIS 1373; Bankr. L. Rep. (CCH) P73,177; 19 Bankr. Ct. Dec. 1320 (Bankr. N. D. Ill. 1989).

44.    The award of attorneys' fees serves as a deterrent effect on the creditor community. *In re Wright*, 328 B.R. 660, 663; 2005 Bankr. LEXIS 1504 (Bankr. E.D.N.Y. 2005).

45.    The Second Circuit uses the "presumptively reasonable fee," known as the "lodestar figure" (or "lodestar") in other circuits, to determine reasonable attorneys fees for federal claims. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d. Cir. July 12, 2007); *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers*, 34 F.3d 1148, 1159 (2d Cir.1994); *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118 (E.D.N.Y. May 8, 2007).

46.    The presumptively reasonable fee "is arrived at by multiplying the number of hours reasonably expended on the litigations ... by an hourly rate." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir.1998). In the Second Circuit "any attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records." These records should specify, for each attorney, the date, the hours expended and the nature of the work. *New York State Ass'n for Retarded Children, Inc., v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). However, "[i]t is not required that counsel describe in great detail how billable time was spent; it is sufficient to identify the general subject matter of time expenditures." *Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 WL 1397202, *9 (E.D.N.Y.2005) (*citing Perdue v. City Univ. of New York*, 13 F.Supp.2d 326, 345 (E.D.N.Y.1998)).

47.   The attorney's rate must be " 'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.' " *Cruz v. Local Union No. 3*, 34 F.3d at 1159 (*quoting Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Indeed, the Second Circuit has held that the rates used to calculate the "lodestar" must be in line with those rates prevailing in " 'the district in which the court sits.' " *Baruch v. Healthcare Receivable Management, Inc.,* 2007 WL 3232090 (E.D.N.Y. 2007) (*quoting Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997) (*quoting Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983)). At the same time, however, the Second Circuit has made it clear that "[a] district court's 'choice of rates [is] well within [its] discretion.'" *Cruz*, 34 F.3d at 1159 (*quoting Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir.1994)).

48.   Courts sitting in the Eastern District of New York have awarded an hourly rate of $350.00.  See *Baruch*, infra.

49.   Your affiant is a sole practitioner and has been actively practicing in the field of bankruptcy law and consumer law for 12 years, having been admitted to practice before the U.S. District Court for the Eastern District of New York in October 1995.  Your affiant is active in the National Association of Consumer Bankruptcy Attorneys as well as in the National Association of Consumer Advocates, and serves as New York co-chairman of the National Association of Consumer Bankruptcy Attorneys.  Your affiant has lectured before consumer bar associations on substantive matters relating to bankruptcy and

consumer law, and regularly attends continuing legal education conferences and seminars in an effort to maintain the highest possible level of current education.

50.   As of the date on which this motion is made, your affiant has expended a total of 9.2 hours in connection with this matter.  Such time does not include copying, mailing, and uploading documents to this Court's Electronic Case Filing system given the fact that such work may not be billed at attorney or paralegal rates. *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).  You affiant submits that an additional minimum of 2 hours will be expended by your affiant in connection with his appearance before this Court to argue the within motion, and that such time does not include any memoranda of law which this Court may require to be submitted or the review and response to any opposition which may be filed and served by Creditor.

51.   In the event that this Court requires a formal affidavit detailing the work performed then your affiant will submit same.

52.   Given the foregoing, your affiant submits that the request for legal fees in the amount of no less than $3,920 is reasonable.

## WAIVER OF SEPARATE MEMORANDUM OF LAW

53.   Movant respectfully requests that the Court waive the requirement of E.D.N.Y. LBR 9013-1 for the filing of a separate memorandum of law in support of this Application due to the fact that this affirmation incorporates a Memorandum of Law, but movant reserves the right to file a brief in reply to any objection to this Application.

**NO PRIOR REQUEST**

54.    No previous application for the relief requested herein has been made to this or any other Court.

**NOTICE**

55.    Notice of this Application has been given to (i) the Chapter 13 case trustee; (ii) Office of the United States Trustee; (iii) those creditors who requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (iv) Verizon New York, Inc.


WHEREFORE, the Debtor request an order of this Court, as against Verizon New York, Inc:

(1) finding a willful violation of the automatic stay;

(2) imposing sanctions in the form of actual damages;

(3) imposing sanctions in the form of attorneys' fees in the amount of no less than $3,920;

(4) imposing sanctions in the form of costs of this motion.

Dated:    Brooklyn, NY
          January 4, 2008

                                 FLEISCHMAN CONSUMER LAW CENTER


                                 _____/s/ Jay S. Fleischman_____
                                 Jay S. Fleischman, Esq. (JF5433)
                                 315 Flatbush Ave # 401
                                 Brooklyn, NY 11217
                                 646.722.8649 x704
                                 jay@fclcny.com (not for service)

# UNITED STATES BANKRUPTCY COURT
### Eastern District of New York

# Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines
The debtor(s) listed below filed a chapter 13 bankruptcy case on 12/21/06.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>Yasmin C Grant<br>65 Paerdegat 2nd St Fl 1<br>Brooklyn, NY 11236 | |
| Case Number:<br>1–06–45017–cec | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx–xx–8139 |
| Attorney for Debtor(s) (name and address):<br>Jay S Fleischman<br>FleischmanLaw PC<br>15 Maiden Lane, Suite 2000<br>New York, NY 10038<br>Telephone number:  (212) 785–1136 | Bankruptcy Trustee (name and address):<br>Michael J. Macco<br>135 Pinelawn Road<br>Suite 120 South<br>Melville, NY 11747<br>Telephone number:  (631) 549–7900 |

## Meeting of Creditors
Date:  **February 2, 2007**                         Time:  **09:00 AM**
Location:  **Office of the United States Trustee, 271 Cadman Plaza East, Room 2681 – 2nd Floor, Brooklyn, NY 11201**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit):  **5/3/07**         For a governmental unit (except as otherwise
                                                                provided in Fed. R. Bankr. P. 3002 (c)(1)):  **6/19/07**

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to File a Complaint Objecting to Determine Dischargeability of Certain Debts: 4/3/07**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Hearing on Confirmation of Plan
The debtor has or will file a plan. The hearing on confirmation will be held:
Date: **3/6/07** , Time: **11:00 AM** , Location: **United States Bankruptcy Court, 271 Cadman Plaza East, Suite 1595, Courtroom 3529 –
3rd Floor, Brooklyn, NY 11201–1800**

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>271 Cadman Plaza East, Suite 1595<br>Brooklyn, NY 11201–1800<br>Telephone number:  (347)394–1700 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Joseph P. Hurley |
| Hours Open:  Monday – Friday 9:00 AM – 4:30 PM | Date:  1/4/07 |

# EXPLANATIONS
Official Form 9I (10/06)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Undeliverable Notices | Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the parties correct address, resend the returned notice, and notify this office of the parties change of address. Failure to provide all parties with a copy of the notice may adversely affect the debtor as provided by the Bankruptcy Court. |
| Form 21 Statement of Social Security # | The debtor or debtor's attorney is required to bring a paper copy of the petition with full social security number displayed to the first meeting of creditors. |

## –– Refer to Other Side for Important Deadlines and Notices ––

| | |
|---|---|
| Personal Financial Management Course | In order to receive a discharge, the debtor must complete a Personal Financial Management Course and must file a Certificate of Completion of the Personal Financial Management Course (Official Form 23) no later than the last payment under the plan or upon the entry of a motion for a hardship discharge. If the Certificate of Completion is not filed within the allotted time, **a discharge will not be issued and the case will be closed.** |

**FORM B10** (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor Yasmin C Grant | Case Number 1-06-45017-cec | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and Address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | 06-45017 |
| Telephone Number: | | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim | ☐ replaces ☐ amends | a previously filed claim, dated:_____ |
|---|---|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
    (date)              (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐        Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____

Value of Collateral: $_____

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| **5. Total Amount of Claim at Time Case Filed:** | $_____ | _____ | _____ | _____ |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FORM B10** (Official Form l0) (10/05)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ---- DEFINITIONS ----

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor´s claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor´s claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims* .

# Items to be completed in Proof of Claim form (if not already filled in)

### Court, Name of Debtor, and Case Number:

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

### Information about Creditor:

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money *or* property, and the debtor´s account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:

Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:

If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Classification of Claim

**Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state

the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above). If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

### 5. Total Amount of Claim at Time Case Filed:

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 6. Credits:

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 7. Supporting Documents:

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 0207-1              User: jlecky              Page 1 of 2                Date Rcvd: Jan 04, 2007
Case: 06-45017                    Form ID: 218             Total Served: 49
```

The following entities were served by first class mail on Jan 06, 2007.
```
db        +Yasmin C Grant,   65 Paerdegat 2nd St Fl 1,   Brooklyn, NY 11236-4131
aty       +Jay S Fleischman,   FleischmanLaw PC,   15 Maiden Lane, Suite 2000,   New York, NY 10038-5107
tr        +Michael J. Macco,   135 Pinelawn Road,   Suite 120 South,   Melville, NY 11747-3198
smg       +Diana Adams,   Office of the United States Trustee,   33 Whitehall Street - 22nd Floor,
            New York, NY 10004-2133
5385018   +ACCOUNT SOLUTIONS GROUP LLC,   205 BRYANT WOODS SOUTH,   AMHERST NY 14228-3609
5385019   +ALLIANCEONE,   1160 CENTRE POINTE DR STE 1,   MENDOTA HEIGHTS MN 55120-1270
5385021   +CAPITAL MANAGEMENT SERVICES INC,   726 EXCHANGE ST STE 700,   BUFFALO NY 14210-1464
5385022    CAPITAL ONE AUTO FINANCE,   3901 DALLAS PKWY,   PLANO TX 75093-7864
5385025   +CHEXSYSTEMS,   ATTN CONSUMER RELATIONS,   7805 HUDSON ROAD SUITE 100,   WOODBURY MN 55125-1595
5385027   +CITIBANK CARD SERVICE CENTER,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385028   +CITIBANK CHECKING PLUS,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385029    CITIGROUP,   GENERAL COUNSEL,   399 PARK AVE,   NEW YORK NY 10043-0001
5385030   +CITIMORTGAGE INC,   PO BOX 9442,   GAITHERSBURG MD 20898-9442
5385031    CURTIS O BARNES PC,   PO BOX 1390,   ANAHEIM CA  92815-1390
5385033    EMCC INC,   33 RIVERSIDE DR,   PEMBROKE MA  02359-1954
5385034   +EQUIFAX INFORMATION SERVICES LLC,   PO BOX 105285,   ATLANTA GA 30348-5285
5385035   +EXPERIAN,   PO BOX 2002,   ALLEN TX 75013-2002
5385036    FACS GROUP,   9111 DUKE BLVD,   MASON OH 45040-8909
5385037   +FLEISCHMANLAW PC,   15 MAIDEN LANE SUITE 2000,   NEW YORK NY 10038-5107
5385038    HOME IMPROVEMENT,   RETAIL SERVICES,   PO BOX 703,   WOOD DALE IL  60191-0703
5385039   +HOUSEHOLD BANK,   90 CHRISTIANA RD,   NEW CASTLE DE 19720-3187
5385040    HSBC CREDIT SERVICES,   PO BOX 81622,   SALINAS CA 93912-1622
5385041   +HSBCRS,   POB 15521,   WILMINGTON DE 19850-5521
5385045   +MACYS CREDIT CARD,   PO BOX 8217,   MASON OH 45040-8217
5385044   +MACYS CREDIT CARD,   PO BOX 8066,   MASON OH 45040-8066
5385047   +MCYDSNB,   9111 DUKE BLVD,   MASON OH 45040-8999
5385049   +MRS ASSOCIATES INC,   3 EXECUTIVE CAMPUS STE 400,   CHERRY HILL NJ 08002-4114
5385050   +NCO FINANCIAL SYSTEMS INC,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2368
5385051   +NORTHLAND GROUP INC,   PO BOX 390846,   EDINA MN 55439-0846
5385052   +PC RICHARD,   GE MONEY BANK,   PO BOX 981128,   EL PASO TX 79998-1128
5385054    RADIO SHACK,   PO BOX 689182,   DES MOINES IA  50368-9182
5385055    SALLIE MAE SERVICING,   PO BOX 9500,   WILKES-BARRE PA 18773-9500
5385056   +SEARS CREDIT CARD,   CITIBANK CARD SERVICE CENTER,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385059    SUNRISE CREDIT SERVICES INC,   PO BOX 9100,   FARMINGDALE NY 11735-9100
5385060   +TRANSUNION,   POST OFFICE BOX 2000,   CHESTER PA 19022-2002
5385061   +UNITED COLLECTION BUREAU INC,   5620 SOUTHWYCK BLVD STE 206,   TOLEDO OH 43614-1501
5385063   +VERIZON NEW YORK INC,   PO BOX 165018,   COLUMBUS OH 43216-5018
```

The following entities were served by electronic transmission on Jan 04, 2007.
```
5385020    EDI: AMEREXPR.COM Jan 04 2007 15:09:00    AMERICAN EXPRESS,   CUSTOMER SERVICE,   PO BOX 297804,
            FT LAUDERDALE FL  33329-7804
5385024    EDI: CHASE.COM Jan 04 2007 15:08:00    CHASE,   PO BOX 15145,   WILMINGTON DE  19850-5145
5385026   +EDI: CHRYSLER.COM Jan 04 2007 15:09:00    CHRYSLER FINANCIAL,   1 BLUE HILL PLZ STE 15,
            PEARL RIVER NY 10965-3100
5385032   +EDI: DISCOVER.COM Jan 04 2007 15:08:00    DISCOVER,   PO BOX 15316,   WILMINGTON DE 19850-5316
5385040    EDI: HFC.COM Jan 04 2007 15:08:00    HSBC CREDIT SERVICES,   PO BOX 81622,
            SALINAS CA  93912-1622
5385041   +EDI: HFC.COM Jan 04 2007 15:08:00    HSBCRS,   POB 15521,   WILMINGTON DE 19850-5521
5385042   +EDI: TSYS.COM Jan 04 2007 15:08:00    JCPENNEY,   PO BOX 981131,   EL PASO TX 79998-1131
5385043    EDI: RESURGENT.COM Jan 04 2007 15:09:00    LVNV FUNDING LLC,   RESURGENT CAPITAL SERVICES,
            PO BOX 10587,   GREENVILLE SC 29603-0587
5385046   +EDI: TSYS2.COM Jan 04 2007 15:09:00    MACYS,   9111 DUKE BLVD,   MASON OH 45040-8999
5385048   +EDI: PHINPLAZA.COM Jan 04 2007 15:08:00    MITCHELL N KAY ESQ,   7 PENN PLAZA FL 18,
            NEW YORK NY 10001-3967
5385053    EDI: PHINPLAZA.COM Jan 04 2007 15:08:00    PLAZA ASSOCIATES,   PO BOX 18008,
            HAUPPAUGE NY  11788-8808
5385057   +EDI: RESURGENT.COM Jan 04 2007 15:09:00    SHERMAN ACQUISITIONS,   PO BOX 740281,
            HOUSTON TX 77274-0281
5385058   +E-mail/PDF: Danag@simmassociates.com Jan 04 2007 18:15:58    SIMM ASSOCIATES INC,
            200 BIDDLE AVENUE,   NEWARK NJ  19702-3968
5385062    EDI: AFNIVERIZONE.COM Jan 04 2007 15:08:00    VERIZON - NEW YORK,   RMCC - BANKRUPTCY,
            PO BOX 6360,   SYRACUSE NY  13217-6360
                                                                                          TOTAL: 14
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5385023*  +CAPITAL ONE AUTO FINANCE,   3901 DALLAS PKWY,   PLANO TX 75093-7864
                                                                              TOTALS: 0, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 0207-1        User: jlecky         Page 2 of 2            Date Rcvd: Jan 04, 2007
Case: 06-45017             Form ID: 218          Total Served: 49
```

```
            ***** BYPASSED RECIPIENTS (continued) *****
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 06, 2007                    Signature:

# United States Bankruptcy Court

Eastern District Of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

| | |
|---|---|
| IN RE: | CASE NO: 1–06–45017–cec |
| Yasmin C Grant | |
| SSN/TAX ID: | CHAPTER: 13 |
| xxx–xx–8139 | |
| DEBTOR(s) | |

## SUMMARY OF PLAN

To the debtor(s), creditors and other parties in interest:

Following is a summary of the plan filed by the above–named debtor(s) on December 21, 2006:

The Debtor shall pay to the Trustee for a total of 60 months as follows: $5,000 for one (1) month, followed by the sum of $700 per month for fifty–nine (59) months.

The Debtor's post–petition automobile loan payments due to Capital One Auto Finance shall be paid directly by the Debtor and not through the Plan.

All claims entitled to priority shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B) unless the holder of the particular claim agrees to a different treatment of such claim.

Dividends to unsecured creditors whose claims are duly allowed as follows: PRO RATA distribution to all timely filed proofs of claim of not less than 100%.

The plan may be reviewed at the Clerk's Office during normal business hours. Objections, if any, to the confirmation of the plan must be in writing and filed with the Clerk on or before the date set for the hearing on confirmation of the plan. If no timely objections are filed, the plan may be deemed to be have been filed in good faith.

Dated: January 4, 2007

For the Court, Joseph P. Hurley, Clerk of Court

**BLsop** [Summary of Plan rev. 07/21/03]

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 0207-1              User: jlecky              Page 1 of 2              Date Rcvd: Jan 04, 2007
Case: 06-45017                    Form ID: 170             Total Served: 49
```

The following entities were served by first class mail on Jan 06, 2007.
```
db        +Yasmin C Grant,   65 Paerdegat 2nd St Fl 1,   Brooklyn, NY 11236-4131
aty       +Jay S Fleischman,   FleischmanLaw PC,   15 Maiden Lane, Suite 2000,   New York, NY 10038-5107
tr        +Michael J. Macco,   135 Pinelawn Road,   Suite 120 South,   Melville, NY 11747-3198
smg       +Diana Adams,   Office of the United States Trustee,   33 Whitehall Street - 22nd Floor,
            New York, NY 10004-2133
5385018   +ACCOUNT SOLUTIONS GROUP LLC,   205 BRYANT WOODS SOUTH,   AMHERST NY 14228-3609
5385019   +ALLIANCEONE,   1160 CENTRE POINTE DR STE 1,   MENDOTA HEIGHTS MN 55120-1270
5385020    AMERICAN EXPRESS,   CUSTOMER SERVICE,   PO BOX 297804,   FT LAUDERDALE FL  33329-7804
5385021   +CAPITAL MANAGEMENT SERVICES INC,   726 EXCHANGE ST STE 700,   BUFFALO NY 14210-1464
5385022    CAPITAL ONE AUTO FINANCE,   3901 DALLAS PKWY,   PLANO TX  75093-7864
5385024    CHASE,   PO BOX 15145,   WILMINGTON DE  19850-5145
5385025   +CHEXSYSTEMS,   ATTN CONSUMER RELATIONS,   7805 HUDSON ROAD SUITE 100,   WOODBURY MN 55125-1595
5385026   +CHRYSLER FINANCIAL,   1 BLUE HILL PLZ STE 15,   PEARL RIVER NY 10965-3100
5385027   +CITIBANK CARD SERVICE CENTER,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385028   +CITIBANK CHECKING PLUS,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385029    CITIGROUP,   GENERAL COUNSEL,   399 PARK AVE,   NEW YORK NY  10043-0001
5385030   +CITIMORTGAGE INC,   PO BOX 9442,   GAITHERSBURG MD 20898-9442
5385031    CURTIS O BARNES PC,   PO BOX 1390,   ANAHEIM CA  92815-1390
5385033    EMCC INC,   33 RIVERSIDE DR,   PEMBROKE MA  02359-1954
5385034   +EQUIFAX INFORMATION SERVICES LLC,   PO BOX 105285,   ATLANTA GA 30348-5285
5385035   +EXPERIAN,   PO BOX 2002,   ALLEN TX 75013-2002
5385036    FACS GROUP,   9111 DUKE BLVD,   MASON OH 45040-8909
5385037   +FLEISCHMANLAW PC,   15 MAIDEN LANE SUITE 2000,   NEW YORK NY 10038-5107
5385038    HOME IMPROVEMENT,   RETAIL SERVICES,   PO BOX 703,   WOOD DALE IL  60191-0703
5385039   +HOUSEHOLD BANK,   90 CHRISTIANA RD,   NEW CASTLE DE 19720-3187
5385040    HSBC CREDIT SERVICES,   PO BOX 81622,   SALINAS CA  93912-1622
5385041   +HSBCRS,   POB 15521,   WILMINGTON DE 19850-5521
5385042   +JCPENNEY,   PO BOX 981131,   EL PASO TX 79998-1131
5385043    LVNV FUNDING LLC,   RESURGENT CAPITAL SERVICES,   PO BOX 10587,   GREENVILLE SC 29603-0587
5385046   +MACYS,   9111 DUKE BLVD,   MASON OH 45040-8999
5385045   +MACYS CREDIT CARD,   PO BOX 8217,   MASON OH 45040-8217
5385044   +MACYS CREDIT CARD,   PO BOX 8066,   MASON OH 45040-8066
5385047   +MCYDSNB,   9111 DUKE BLVD,   MASON OH 45040-8999
5385049   +MRS ASSOCIATES INC,   3 EXECUTIVE CAMPUS STE 400,   CHERRY HILL NJ 08002-4114
5385050   +NCO FINANCIAL SYSTEMS INC,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2368
5385051   +NORTHLAND GROUP INC,   PO BOX 390846,   EDINA MN 55439-0846
5385052   +PC RICHARD,   GE MONEY BANK,   PO BOX 981128,   EL PASO TX 79998-1128
5385054    RADIO SHACK,   PO BOX 689182,   DES MOINES IA  50368-9182
5385055    SALLIE MAE SERVICING,   PO BOX 9500,   WILKES-BARRE PA 18773-9500
5385056   +SEARS CREDIT CARD,   CITIBANK CARD SERVICE CENTER,   PO BOX 20487,   KANSAS CITY MO 64195-0487
5385057   +SHERMAN ACQUISITIONS,   PO BOX 740281,   HOUSTON TX 77274-0281
5385059   +SUNRISE CREDIT SERVICES INC,   PO BOX 9100,   FARMINGDALE NY  11735-9100
5385060   +TRANSUNION,   POST OFFICE BOX 2000,   CHESTER PA 19022-2002
5385061   +UNITED COLLECTION BUREAU INC,   5620 SOUTHWYCK BLVD STE 206,   TOLEDO OH 43614-1501
5385063   +VERIZON NEW YORK INC,   PO BOX 165018,   COLUMBUS OH 43216-5018
```

The following entities were served by electronic transmission on Jan 04, 2007.
```
5385032   +E-mail/PDF: mrdiscen@discoverfinancial.com Jan 04 2007 18:30:43      DISCOVER,   PO BOX 15316,
            WILMINGTON DE 19850-5316
5385048   +E-mail/PDF: ebn@phinsolutions.com Jan 04 2007 18:15:59      MITCHELL N KAY ESQ,
            7 PENN PLAZA FL 18,   NEW YORK NY 10001-3967
5385053    E-mail/PDF: ebn@phinsolutions.com Jan 04 2007 18:15:59      PLAZA ASSOCIATES,   PO BOX 18008,
            HAUPPAUGE NY  11788-8808
5385058   +E-mail/PDF: Danaq@simmassociates.com Jan 04 2007 18:15:58      SIMM ASSOCIATES INC,
            200 BIDDLE AVENUE,   NEWARK NJ  19702-3968
5385062    E-mail/PDF: BankruptcyVerizonEast@afninet.com Jan 04 2007 18:30:45      VERIZON - NEW YORK,
            RMCC - BANKRUPTCY,   PO BOX 6360,   SYRACUSE NY 13217-6360
                                                                                 TOTAL: 5
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5385023*  +CAPITAL ONE AUTO FINANCE,   3901 DALLAS PKWY,   PLANO TX 75093-7864
                                                                         TOTALS: 0, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
          ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 06, 2007**                          **Signature:**



Do not send payments or correspondence to the above address

YASMIN GRANT
PO BOX 340492
BROOKLYN NY 11234-0492

---

## IMPORTANT NOTICE FOR YOUR IMMEDIATE ATTENTION

Date: 11/13/2007
Telephone Account #: 7185313744922
Account Balance: $85.72
**Settlement Offer: $55.72**

Dear Yasmin Grant:

This letter is in regard to the telephone account referenced above and the delinquent balance which remains unpaid.

Verizon realizes that sometimes certain events make it extremely difficult to pay bills and maintain a positive standing. Verizon would like to extend a one time offer to settle this account for 65% of the current outstanding balance. This limited time offer represents a substantial savings in the balance you owe.

Continued collection efforts for the full delinquent balance can be avoided if you accept this offer and a payment in the amount of $55.72 is received by 12/04/2007. This will resolve the delinquency and Verizon will report to the credit bureaus that this account has been settled.

Payment of $55.72 can be made by calling Verizon's automated pay by phone service at 1-800-345-6563. You can also forward the payment via check or money order, made payable to Verizon, in the enclosed envelope along with the bottom portion of this letter. Questions regarding this letter or the settlement offer can be answered by calling a customer service agent at 1-866-265-5945.

---

**One Time Settlement Offer** to resolve your unpaid delinquent balance and avoid continued collection efforts. This offer **Expires within 21 days** of the date of this letter, after which this offer will become null and void.

---

⬆⬆ Important: TO ENSURE PROPER CREDIT, PLEASE RETURN THE LOWER PORTION TOGETHER WITH YOUR REMITTANCE ⬆⬆

G8BTVV01        UD829VI001*TVV*

Account number **7185313744922**

Billing date 11/13/2007

Settlement amount due **$55.72**

Payment is due on 12/04/2007

Amount enclosed   $                    .

Please make your check payable to Verizon and write your account
number on check.

YASMIN GRANT
PO BOX 340492
BROOKLYN NY 11234-0492

VERIZON
PO BOX 1100
ALBANY NY 12250-0001

0200718531374 49220222104    00000000000857210000000857200